JASPAN SCHLESINGER LLP  
300 Garden City Plaza  
Garden City, New York 11530  
(516) 393-8289  
Frank C. Dell'Amore, Esq.  
fdellamore@jaspanllp.com  
*Attorneys for Community National Bank*

Hearing Date and Time:  
June 10, 2014 at 2:00 p.m.  
Objection due by:  
June 3, 2014

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
-----------------------------------------------------------x

In re:

World Cable, Inc.,

　　　　Debtor.

-----------------------------------------------------------x

Chapter 11

Case No.14-10379(MG)

### NOTICE OF MOTION PURSUANT TO SECTION 362(d) OF THE BANKRUPTCY CODE SEEKING RELIEF FROM THE AUTOMATIC STAY

**PLEASE TAKE NOTICE**, that on June 10, 2014, at 2:00 p.m., secured creditor, Community National Bank ("**Bank**"), will move before the Honorable Martin Glenn, United States Bankruptcy Judge, United States Bankruptcy Court, One Bowling Green, Courtroom 501, New York, New York 10004-1408, or as soon thereafter as counsel can be heard for an Order pursuant to 11 U.S.C. §§ 362(d)(2) and Rule 4001(a)(1) of the Federal Rules of Bankruptcy Procedure, granting the Bank relief from the automatic stay, in order to allow it to continue its state-court foreclosure action against the property located at 676 3rd Avenue, Brooklyn, New York and conduct subsequent eviction proceedings if necessary, together with such other and further relief as this Court deems just and proper.

**PLEASE TAKE FURTHER NOTICE**, objections to the Bank's application shall be (a) in writing; (b) conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules

of the Southern District of New York; (c) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended by General Order M-399) – registered users of the Bankruptcy Court's case filing system must file electronically, and all other parties in interest must file on a 3.5-inch disk (preferably in Portable Document Format, or PDF, WordPerfect or any other Windows-based word processing format); (d) submitted in hard-copy form directly to the Chambers of the Honorable Martin Glenn; (e) and be served upon the Bank's counsel, Frank C. Dell'Amore, Esq., Jaspan Schlesinger LLP, 300 Garden City Plaza, 5th Floor, Garden City, New York 11530; the Debtor, World Cable, Inc., 33 Whitehall Street, 30th Floor, New York 10004; the attorney for the Debtor, Schuyler G. Carroll, Esq., Perkins Coie LLP, 30 Rockefeller Plaza, 25th Floor, New York, New York 10601, and the United States Trustee, 201 Varick Street, Room 1006, New York, New York 10014 and filed with the Clerk of the Bankruptcy Court, with a copy to Chambers on or before 4:00 p.m. on June 3, 2014.

Dated: Garden City, New York
       May 15, 2014

                                            JASPAN SCHLESINGER LLP
                                            *Attorneys for Community National Bank*

                                     By: _____
                                              Frank C. Dell'Amore
                                              300 Garden City Plaza
                                              Garden City, New York 11530
                                              (516) 393-8289

TO:    World Cable, Inc.
         33 Whitehall St., 30th Floor
         New York, NY 10004

         Schuyler G. Carroll, Esq.
         Perkins Coie LLP
         30 Rockefeller Plaza
         25th Floor
         New York, NY 10112

FCD/D961829v1/M062199/C0154260

Greg M. Zipes, Esq.
Office of the United States Trustee
33 Whitehall Street
21st Floor
New York, NY 10004

Jacqueline Auerbach, Esq.
District Tax Counsel
Amanda Hiller, NYS Commissioner and Counsel
Department of Taxation and Finance
15 Metro Tech Center
Brooklyn, New York 11201

Kirti Vaidy Reddy, Esq.
Assistant United States Attorney
Preet Bharara, U.S. Attorney, S.D.N.Y.
86 Chambers Street
New York, New York 10007

Joseph P. Garland, Esq.
Korsinsky & Klein, LLP
2926 Avenue L
Brooklyn, New York 11210

676 Associates Inc.
13-29 Michael Place
Bayside, New York 11360

JASPAN SCHLESINGER LLP
300 Garden City Plaza
Garden City, New York 11530
(516) 393-8289
Frank C. Dell'Amore, Esq.
fdellamore@jaspanllp.com
*Attorneys for Community National Bank*

Hearing Date and Time:
June 10, 2014 at 2:00 p.m.
Objection due by:
June 3, 2014

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

In re:

World Cable, Inc.,

          Debtor.
-------------------------------------------------------x

Chapter 11

Case No. 14-10379(MG)

## MOTION PURSUANT TO SECTION 362(d) OF THE BANKRUPTCY CODE SEEKING RELIEF FROM THE AUTOMATIC STAY

TO:    THE UNITED STATES BANKRUPTCY COURT
        SOUTHERN DISTRICT OF NEW YORK

Community National Bank ("**Bank**"), by its attorneys, Jaspan Schlesinger LLP, hereby moves for the entry of an order, pursuant to 11 U.S.C. § 362(d) and Rule 4001(a)(1) of the Federal Rules of Bankruptcy Procedure, granting Bank relief from the automatic stay, in order to allow it to continue its state-court foreclosure action against the property located at 676 3rd Avenue, Brooklyn, New York (the "**Property**") and conduct subsequent eviction proceedings if necessary, together with such other, further and different relief as this Court deems just and proper (the "**Motion**").

    1.    It is respectfully submitted that the Bank is entitled to relief from the automatic stay with respect to the Property because the debtor, World Cable Inc. (the "**Debtor**"), does not own the Property (and, thus, has no equity therein) and cannot establish that the Property is necessary for an effective reorganization that is in prospect.

FCD/D961829v1/M062199/C0154260

A. Relevant Background

2. The Bank is the owner and holder of a U.S. Small Administration Note (the "**Note**"), dated March 17, 2010, in the original principal amount of $1,650,000.00 made the Debtor in favor of the Bank. A copy of the Note is annexed hereto as Exhibit A.

3. Pursuant to a U.S. Small Business Administration Unconditional Guarantee (the "**Guarantee**") dated May 17, 2010, 676 Associates Inc. ("**676 Associates**") unconditionally guaranteed repayment of the Note to the Bank. A copy of the Guarantee is annexed hereto as Exhibit B.

4. The Guarantee is secured by a Mortgage and Security Agreement ("**Mortgage**") dated March 17, 2010 and made by 676 Associates in favor of the Bank, which is a first-position lien on the Property. A copy of the Mortgage is annexed hereto as Exhibit C. The Mortgage reflects that it was recorded in the Office of the City Register of the City of New York on March 29, 2010 in City Register File Number 2010000103922.

5. The Property is owned by 676 Associates. A copy of the Deed evidencing 676 Associates' ownership of the Property is annexed hereto as Exhibit D.

6. After the Debtor defaulted under the Note and 676 Associates defaulted under the Guarantee, the Bank commenced an action to foreclose the Mortgage by filing the Summons and Complaint in the Supreme Court of the State of New York, County of Kings under Index No. 501724/2013 (the "**Foreclosure Action**"). A copy of the Summons and Complaint in the Foreclosure Action, without exhibits, is annexed hereto as Exhibit E. The Debtor, 676 Associates and others were named as defendants in the Foreclosure Action. The Debtor was named in the Foreclosure Action because it is the obligor of the Note.

7.  Since the Debtor was named as a defendant in the Foreclosure Action, the filing of this case on February 21, 2014 has stayed the continued prosecution of the Foreclosure Action.

8.  As of the filing of this case, the Bank was owed $1,489,134.18 on the Note, as set forth more fully in the Declaration of Eileen O'Brien, sworn to on May 12, 2014, annexed hereto as Exhibit F.

B. The Automatic Stay Should be Modified to Permit
The Bank to Exercise Its State Law Remedies

9.  By the instant motion, pursuant to section 362(d) of the Bankruptcy Code, the Bank seeks relief from the automatic stay to continue the Foreclosure Action against the Property.

10. Section 362(d) of the Bankruptcy Code provides, in pertinent part, as follows:

> On request of a party in interest and after notice and a hearing, the Court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay –
>
> (2) with respect to a stay of an act against property under subsection (a) of this section, if –
>
> (A) the debtor does not have equity in such property; and
> (B) such property is not necessary to an effective reorganization

11 U.S.C. § 362(d).

11. To be awarded relief from the stay of an act against property pursuant to 11 U.S.C. § 362(d)(2), a creditor must first prove that there is no equity in the debtor's property. 11. U.S.C. § 362(d)(2)(A). To determine that there is no equity in the property, it must be shown that the debts secured by the liens on the property exceed its value. *In re Country Squire Assocs.*, 1997 Bankr. Lexis 1163, at 819 (B.A.P. 2d Cir. 1997); *see also In re New Era Comp.*, 125 B.R. 725, 728-29

14-10379-mg    Doc 60    Filed 05/15/14    Entered 05/15/14 16:17:42    Main Document
Pg 7 of 10


(S.D.N.Y. 1991) (noting that equity is the difference between the value of the property and the total amount of all liens against it); *In re Diplomat Electronics Corp.*, 82 B.R. 688, at 692 (Bankr. S.D.N.Y. 1988).

12. However, in this case, the Debtor does not own the Property. *See* Exhibit D. As such, the Debtor has no equity therein pursuant to 11 U.S.C. § 362(d)(2)(a). *See e.g. In re Ray*, 2009 Bankr. LEXIS 4660 *7 (Bankr. E.D.N.Y. 2009) ("Because [the debtor] does not own the Property, he has no equity in the Property, pursuant to § 362(d)(2)(A).)

13. Section 362(d) of the United States Bankruptcy Code sets forth two prongs which must be satisfied in order to grant a creditor relief of the stay under chapter 11. 11 U.S.C. § 362(d). In *United Savings Association of TX v. Timbers of Inwood Forest Associates*, the Supreme Court examined and analyzed the second prong, which states that relief would be granted if "such property is not necessary to an effective reorganization." 484 U.S. 365, 375-76 (1988). The Court concluded that it is insufficient to establish that under the prospect of a reorganization, the property in question would be needed; but rather, the debtor must demonstrate that the "property is essential for an effective reorganization that [already] is in prospect." *Id.*; *see also In re Pegasus Agency, Inc. v. Grammatikakis*, 101 F.3d 882, 886 (2d Cir. 1996). Furthermore, the debtor has the burden to establish that its proposed plan has a "reasonable prospect of success within a reasonable time." *In re 68 West 127 St., LLC*, 285 B.R. 838, 848 (Bankr. S.D.N.Y. 2002).

14. Once a movant under 11 U.S.C. § 362(d)(2) has established that there is no equity in the collateral, the burden is on the debtor to establish that the collateral at issue is in fact necessary to an effective reorganization. *See* 11 U.S.C. § 362(g).

15. There has not been any indication in this case that there is even a possibility of an effective reorganization within a reasonable time. More importantly, however, is the fact that the Debtor does not own the Property, does not utilize the Property and does not otherwise rely on any aspect of the Property for the continued operation of its business. Indeed, according to the Debtor's filings, it maintains three (3) offices for the operations of its company[1]; however, the Property is not one of those locations. *See* Declaration of Shahid "Bob" Rasul in Support of First Day Motions, Docket Entry No. 2, ¶ 31

16. Thus, it does not appear that the Debtor can meet its burden of establishing that the Property is necessary for an effective reorganization under 11 U.S.C. § 362(d)(2)(b). 676 Associates' continued possession of the Property will not enhance the Debtor's ability to reorganize and is certainly not essential for an effective reorganization

17. As such, the Bank is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(2) of the Bankruptcy Code.

18. No prior motion seeking the relief requested herein has been made to this or any other Court.

## NOTICE AND WAIVER OF MEMORANDUM OF LAW

19. Notice of this motion shall be provided to (i) counsel for Debtor; and (ii) the Office of the U.S. Trustee; (iii) the Debtor; and (iv) any other parties who have filed a notice of appearance and requested such notice. The Bank submits that such notice is adequate and proper.

---

[1] Those locations are: 33 Whitehall Street, 30th Floor, New York, New York 10004, 3839 Bell Boulevard, Suite 233, Bayside, New York 11361, and 4216 13th Street, Long Island City, New York 11101.

FCD/D961829v1/M062199/C0154260

20. As there are no novel issues raised by this Motion, and because the relevant authorities in support of the relief requested are cited herein, the Bank respectfully requests a waiver of the filing of a memorandum of law.

**WHEREFORE**, the Bank respectfully requests that the automatic stay be vacated in order to enable it to continue the Foreclosure Action, and granting such other and further relief as this Court deems just and proper.

Dated: Garden City, New York
       May 15, 2014

JASPAN SCHLESINGER LLP
*Attorneys for Community National Bank*

By: _____
Frank C. Dell'Amore
300 Garden City Plaza
Garden City, New York 11530
(516) 393-8289

FCD/D961829v1/M062199/C0154260

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x

In re:

World Cable, Inc.,

        Debtor.

-----------------------------------------------------x

Chapter 11

Case No.14-10379(MG)

## ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY

**WHEREAS,** by Notice of Motion dated May 15, 2014, Community National Bank ("**Bank**"), by its attorneys, Jaspan Schlesinger LLP, moved this Court for an order granting it relief from the automatic stay pursuant to Sections 362(d)(2) of the United States Bankruptcy Code (the "**Motion**"); and

**WHEREAS,** after a hearing and due deliberation having been had on June 10, 2014, the Court is of the opinion that the relief prayed for in the motion should be granted; accordingly

**NOW, THEREFORE, IT IS HEREBY**

**ORDERED,** that the automatic stay pursuant to Section 362 of the United States Bankruptcy Code is hereby vacated pursuant to Sections 362(d) (2) thereof to permit the Bank to pursue all of its rights under applicable state law with respect to the property located at 676 3rd Avenue, Brooklyn, New York.

Dated: New York, New York
        _____, 2014

                                                      Honorable Martin Glenn
                                                      United States Bankruptcy Judge

FCD/D961829v1/M062199/C0154260